IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 01:10-cv-1437-REB-KMT

ERIC HACKETT

    Plaintiff,

v.

BREG, INC.

    Defendant.

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS

### STIPULATION

WHEREAS, the parties, through their counsel, have requested or may request other parties to make available for inspection and/or copying documents and various materials; and

WHEREAS, the parties contend that some or all of those documents are in whole or in part proprietary information, competitively sensitive, confidential business records, and/or trade secrets, all of which are "confidential" as herein defined; and

WHEREAS, the parties require that the confidentiality of the documents and the information contained in those documents be maintained; and

WHEREAS, the parties and their attorneys have agreed to comply with the letter and intent of that confidentiality;

NOW, THEREFORE, IT IS HEREBY UNDERSTOOD AND AGREED upon stipulation of the parties as follows:

1. At such time as the parties or their counsel deliver to the other, or opposing, parties or their attorneys any documents in this case, or divulge any information contained therein, the producing party counsel shall designate as "CONFIDENTIAL" any such documents, materials, or information they claim constitutes or contains confidential documents and/or information. Any information so designated will be reviewed by an attorney for the disclosing party prior to it being marked, and will only so mark it if the attorney has a good faith belief that documents or materials are confidential or are otherwise entitled to protection. As used herein, the term "confidential document" means any document containing proprietary, confidential, and/or trade secret information and designated by Breg as "CONFIDENTIAL."

2. The parties and their attorneys shall not give, show or otherwise directly or indirectly disclose any "CONFIDENTIAL documents" or the substance thereof, or any copies, prints, negatives, or summaries thereof, to any entity or person except the parties herein and any agents, experts, or consultants employed by the parties or their attorneys in connection with and solely for this action.

3. Any and all of the parties' experts, consultants, and/or counsel associated in this litigation and any other person who is permitted access to "CONFIDENTIAL documents" pursuant to this Stipulation and Protective Order shall be presented with a copy of this Stipulation and Order. Those experts, consultants, counsel, and other persons shall not give, show, or otherwise directly or indirectly disclose any "CONFIDENTIAL documents" to any entity or person, except as may be necessary in preparing to render or rendering expert advice or assistance in and solely for this action only. Those experts, consultants, counsel and other persons shall by required to execute the document attached as Exhibit A, acknowledging their agreement to act in accord with the terms specific to this Stipulation and Order.

4. At the conclusion of the work of such experts, consultants, counsel, or other persons as described in Paragraph 3 herein, all "CONFIDENTIAL documents" shall be returned to the attorneys who retained the expert or consultant or who otherwise provided access to the "CONFIDENTIAL documents." Upon completion of the trial and any appeals in this action and the satisfaction of any judgment, or upon the conclusion of any settlement or other resolution of this action, the parties' attorneys shall return all "CONFIDENTIAL documents", including all copies thereof, to the producing party's counsel within sixty (60) days.

5. The parties to this action and their attorneys agree that all objections, including, but not limited to, objections based on relevancy, materiality, and privilege, are reserved, and that all objections to admissibility may be asserted at the time of trial of any action in which "CONFIDENTIAL documents" are used or offered, should any party deem objections proper.

6. Any "CONFIDENTIAL documents" attached as an exhibit to any deposition taken in this action, and any deposition testimony containing information from "CONFIDENTIAL documents" and/or materials, and any papers filed with the Court in this action, which include or summarize any deposition transcripts, testimony, or exhibits containing information derived or taken from "CONFIDENTIAL documents," shall be sealed and protected from disclosure by this Stipulation and Protective Order. The use of any "CONFIDENTIAL documents" during depositions in this action does not waive the terms of this Stipulation and Protective Order.

7. The terms of this Stipulation and Protective Order shall remain fully active until released by written consent of Breg. The Court shall retain jurisdiction over the parties, this Stipulation and Protective Order, and recipients of "CONFIDENTIAL documents" for the sole purpose of enforcing this Stipulation and Order and adjudicating claims of breaches thereof and

administering damages and other remedies related thereto.  The provisions of this Stipulation and Protective Order shall continue to be binding as to the "CONFIDENTIAL documents" produced pursuant to it.

8. Upon execution of this Stipulation by the attorneys of record for the parties, the parties and their attorneys agree that they shall adhere to and be bound by this Stipulation in the event that the Court does not enter a Protective Order pursuant to this Stipulation.

9. If one of the parties reasonably believes that any document or information should not have been designated as "CONFIDENTIAL", that party must specify, in writing, to the producing party: (a) the document or information at issue and; (b) the grounds for questioning the confidentiality designation.  The party questioning the designation and the producing party must meet and confer in good faith in an attempt to resolve the designation without the Court's intervention.  Upon written notice to the producing party that the disagreement with respect to the designation cannot be resolved informally, the producing party has thirty (30) days to move the Court for a protective order approving of the "CONFIDENTIAL document" designation. Until the Court rules, the confidentiality designation shall remain in effect.  If the producing party's motion for protection is denied, the document or information shall no longer be designated as "CONFIDENTIAL".  Nothing in this paragraph shall be construed as changing the burden of proof set forth in the Federal Rules of Civil Procedure.

10. If a party inadvertently produces a "CONFIDENTIAL document" containing confidential information without marking or labeling it as such, the information shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the designating party provides written notice to the receiving party within ten (10) days of the discovery of the inadvertent production of the

document, identifying the document in question and of the corrected confidential designation for the document.

11.     Inadvertent production of any document that a party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege.  The designating party may request the return of any Inadvertently Produced Privileged Document.  A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production.  If a party or nonparty requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party or nonparty, such other party shall within five (5) business days return to the requesting party or nonparty the Inadvertently Produced Privileged Document and all copies thereof.  The party returning such material may then move the Court for an order compelling production of the material, but that party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

12.     Nothing herein shall govern the procedures to be used at trial, which shall be set by this Court immediately preceding the commencement of trial.

13.     The Court retains jurisdiction to enforce or, upon stipulation of the parties to this action, to amend or modify, the Protective Order.

Dated this 10th day of September, 2010.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

Dated: September 9, 2010.

*s/ John P. Ball*_____
Charles H. Thronson
John P. Ball
James T. Blanch
Richard E. Mrazik
PARSONS BEHLE & LATIMER
201 S. Main Street, Suite 1800
Salt Lake City, Utah 84111
801-532-1234
ecf@parsonsbehle.com

Aimee Hall Wagstaff
ANDRUS BOUDREAUX, PLC
1999 Broadway, Suite 4150
Denver, Colorado 80202
303-376-6360
Wagstaff@ab-plc.com

**ATTORNEYS FOR PLAINTIFF**

Dated: September 9, 2010.

*s/ Jordan L. Lipp*_____
Jeffrey R. Pilkington
Jordan Lipp
Davis Graham & Stubbs, LLP
1550 Seventeenth Street, Suite 500
Denver, Colorado 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
jeff.pilkington@dgslaw.com
jordan.lipp@dgslaw.com

Sheryl A. Bjork
Monica K. Gould
Bowman and Brooke LLP
150 South Fifth Street, Suite 3000
Minneapolis, Minnesota 55402
Phone: 612.672.3247
Facsimile: 612.672.3200
sheryl.bjork@bowmanandbrooke.com
monica.gould@bowmanandbrooke.com

ATTORNEYS FOR BREG, INC.